**Douglas HUTCHINGS, Plaintiff–Appellant,**

v.

**VANDERBILT UNIVERSITY, Defendant–Appellee.**

**No. 02–5480.**

United States Court of Appeals, Sixth Circuit.

Jan. 28, 2003.

Before MARTIN, Chief Judge; MERRITT and LAY,* Circuit Judges.

*ORDER*

Douglas Hutchings appeals from the district court's grant of summary judgment for defendant Vanderbilt University (the "University") on his negligence and breach of contract claims. *See* 28 U.S.C. § 1332. The parties have expressly waived oral argument, and this panel unanimously

---

* The Honorable Donald P. Lay, United States Circuit Judge for the Eighth Circuit, sitting by designation.

agrees that oral argument is not needed. *See* Fed. R.App. P. 34(a).

The University is a private, not-for-profit educational institution in Nashville, Tennessee. The University is divided into various schools and colleges, one of which is Peabody College. Hutchings was accepted by Peabody College and admitted to the University's School of Education in the spring of 1995. In the fall of 1995, Hutchings enrolled at the University as an Elementary Education major.

In order to obtain a license as an elementary education teacher, Hutchings enrolled in the student teaching course and corresponding student teacher seminar in the Spring of 1999. During the course of the student teaching program, Hutchings received two classroom assignments of approximately six weeks each. The first assignment was at Jere Baxter Middle School in Nashville, Tennessee, where he taught fifth grade. Hutchings was in the assignment from January 13, 1999, until February 22, 1999. During the first two weeks of that assignment, Hutchings failed to complete lesson plans on time. The University claims that Hutchings also exhibited other deficiencies, including an inability to manage the classroom. Ms. Cassel rated Hutchings's teaching performance a 3 on a scale of 1–5 with 5 being the best.

Hutchings's second assignment was at John Trotwood Moore Middle School in Nashville where he taught seventh grade. Hutchings's assignment at John Trotwood Moore Middle School began on March 1, 1999, and ended on April 16, 1999, when he was removed from that assignment by Dr. Palka. Hutchings was removed from that assignment after it was determined that he had not demonstrated sufficient progress to warrant his continuing in his student teaching assignment. Hutchings was given the option of switching his program of studies to a major in Educational Studies which would allow him to graduate on time in May 1999 without licensure, or return to the University for another semester to repeat the student teaching course. Because he wanted to graduate on time and had no other choice, Hutchings changed his major to Educational Studies and graduated with his class on May 14, 1999. He did not return to the University for the fall 1999 semester.

After graduating from the University in 1999, Hutchings enrolled in Lehigh University in Bethlehem, Pennsylvania, as a full-time student pursuing a Master's Degree in Education Technology in August 1999. To date, Hutchings has not obtained a license as an elementary education teacher in any state.

Hutchings filed this suit on May 22, 2000, claiming that he was discriminated against because of his gender in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 et seq. He also asserted a First Amendment claim and state law claims of negligence, breach of contract, and defamation.

Subsequently, Hutchings voluntarily dismissed his Title IX, First Amendment, and defamation claims against the University. The University filed a motion to dismiss Hutchings's remaining state law claims under 28 U.S.C. § 1367(c)(3), alleging that Hutchings's claims do not meet the jurisdictional threshold under 28 U.S.C. § 1332. Alternatively, the University sought summary judgment on Hutchings's negligence and breach of contract claims. Hutchings elected not to pursue his defamation claim after the University filed its motion to dismiss.

Because the parties attached evidence outside the pleadings in support of their respective positions, the district court treated the University's motion as one for summary judgment. The court granted the University's motion. This appeal followed.

This court reviews a district court's grant of summary judgment de novo. *See Doren v. Battle Creek Health Sys.*, 187 F.3d 595, 597 (6th Cir.1999). Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Upon review, we conclude that the district court properly granted summary judgment to the University for the reasons stated by that court. Hutchings's claims concern the adequacy of the educational services provided by the University. Courts are not inclined to review educational malpractice claims or breach of contract claims based on inadequate educational services. *See Regents of Univ. of Mich. v. Ewing*, 474 U.S. 214, 226, 106 S.Ct. 507, 88 L.Ed.2d 523 (1985); *Ross v. Creighton Univ.*, 957 F.2d 410, 414 (7th Cir.1992)(declaring federal courts unsuited to evaluate the substance of the multitude of academic decisions that are made daily by faculty members of public educational institutions).

Finally, the district court did not abuse its discretion in striking Patricia Hutchings's affidavit. *See Whitted v. Gen. Motors Corp.*, 58 F.3d 1200, 1203 (7th Cir. 1995). The affidavit consists primarily of argument, conclusions, and hearsay and did not meet the requirements of Fed. R.Civ.P. 56(e).

Accordingly, the district court's judgment is affirmed.